## No. 1064
## HANKINS v. GROVE-BURGOON CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1430. Decided Sept. 18, 1926

**229. CHATTEL MORTGAGES**—Where a chattel mortgage is taken to secure a note in part payment for purchase price of property, and the mortgagee deals, not with the partnership but with the individuals, such mortgage is superior to the rights of the partnership and partnership creditors, even though said mortgagee had knowledge of the fact that two of the three partners were operating as a partnership in the same business but in a different location.

BY THE COURT.

On an action brought by a creditor of the Grove-Burgoon Co. a receiver was appointed and L. E. Brown was made a party defendant with leave to intervene and set up a chattel mortgage upon property involved in the receivership. The reply of the receiver denied the validity of Brown's mortgage.

The Franklin Common Pleas found in favor of the receiver and against the validity of Brown's mortgage. On appeal, the Court of Appeals tried the case on the evidence from which it appears that Brown was originally the owner of the property upon which he claimed the chattel mortgage and that he claimed to have sold same to Stanley Grove and Reo Burgoon taking the chattel mortgage to secure a promissory not for $500 and given as part of the purchase money.

The receiver claimed that the property was sold to a partnership consisting of Grove, Burgoon and H. S. Legg; and that such partnership operated the property consisting of a printing plant and that subsequently the property passed from the partnership to the Company which the receiver represents. The Court of Appeals held:

1. It is satisfactorily proved that Brown dealt with the individuals and not the partnership; and that in taking the mortgage to secure his $500 note, he dealt with the individuals to whom he sold the property.

2. It was claimed by the receiver that Brown admitted that he knew that Grove and Burgoon were partners in another printing plant, and also that a writing was prepared and executed in which it was recited that Grove, Stanley & Legg were the purchasers.

3. The fact and Grove and Burgoon were partners in another printing plant is not sufficient evidence to prove that they took the property in question as partners, nor does the

writing recite that Grove, Burgoon and Legg were partners in this particular property.

4. The evidence shows that the $500 note and mortgage was given in connection with and as part of the sale of the property by Brown.

5. The partnership here, did not take title to the property at the time of the purchase but the transaction was made with and the sale was. to the individuals.

6. The partnership took title, if at all, subsequently to the purchase from Brown and the rights of the partnership and of partnership creditors would be subordinate to the purchase money mortgage.

Decree accordingly.

(Allread, Ferneding & Kunkle, JJ., concur.)

Attorneys—Owen & Miller and V. H. Gibbs for Brown; R. H. Roberts and J. M. Clifford for Hankins; all of Columbus.